IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL E. SILUK, JR., :
: Civil Action No. 4:07-CV-00605
Petitioner, :
:
v. : (Judge McClure)
:
FRANKLIN J. TENNIS, :
:
Respondent. :

**MEMORANDUM**

August 24, 2009

**BACKGROUND:**

On March 30, 2007, petitioner Michael E. Siluk, Jr., an inmate at the State Correctional Institution at Rockview, an institution located in the Middle District of Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is Franklin J. Tennis.[1] Petitioner challenges his 2002 state court

---

[1]There is some confusion on the docket as to the proper respondent. Petitioner lists Franklin J. Tennis as the respondent, i.e. the person having custody of the petitioner. On May 16, 2007, we ordered service on the Attorney General of Pennsylvania and the District Attorney of Dauphin County. On May 16, 2007, we deleted the Attorney General of Pennsylvania as respondent, and directed the clerk to list Franklin J. Tennis as the sole respondent. However, Franklin J. Tennis and Deputy District Attorney Jennifer W. Gettle are listed as respondents on the docket. The return of service was returned by the Pennsylvania Attorney General's office and the Dauphin County District Attorney's office. Jennifer W. Gettle has filed the response to the petition. In her response, she lists the Commonwealth of

1

convictions. Siluk was convicted of four counts of rape, aggravated assault, sexual assault, two counts of aggravated indecent assault, two counts of robbery, two counts of simple assault, and involuntary deviate sexual intercourse.

Siluk presents six grounds for attacking his state court convictions: Ground 1: Conviction obtained by the denial of Sixth Amendment right to confrontation; Ground 2: Conviction obtained through a court that lacked jurisdiction over the crimes; Ground 3: Denial of effective assistance of counsel; Ground 4: Conviction obtained through evidence obtained pursuant to an unlawful arrest: Ground 5: Conviction obtained through the denial of procedural due process of law; Ground 6: conviction obtained through the denial of due process of law.

Respondent has filed a response to the petition and a memorandum of law. (Rec. Doc. Nos. 17 and 21). Petitioner filed a traverse. (Rec. Doc. No. 26). The matter is ripe for disposition.

Now, therefore, for the following reasons we will deny the petition for writ

---

Pennsylvania as the respondent. Pursuant to Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." As a result, presuming that Siluk is correct in asserting that Franklin J. Tennis is the state officer who has custody over Siluk, the caption of this case should list Tennis as the sole respondent. We will direct the clerk to make this correction on the docket. Because Jennifer W. Gettle has entered her appearance and has responded to the petition, we assume that she is representing Franklin J. Tennis.

of habeas corpus.

**DISCUSSION:**

1. Exhaustion of State Remedies

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires state prisoners who have filed a § 2254 habeas petition to exhaust available state court remedies with respect to <u>every</u> claim raised in the federal petition. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - the applicant has exhausted the remedies available in the courts of the State. . ." 28 U.S.C. § 2254(b)(1)(A).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." <u>Id.</u> The exhaustion doctrine does not require prisoners to file repetitive petitions. <u>Id.</u> at 844 (internal citations omitted). The exhaustion doctrine has not required prisoners to raise the same issues when petitioning for collateral relief that have already been decided by direct review. <u>Id.</u> However, a prisoner must seek review in a state court of last resort when that court has

discretionary control over its docket. Id. at 845.

In response to this case, the Pennsylvania Supreme Court issued an Order that an individual convicted of a crime in Pennsylvania need not lodge a discretionary appeal to that court in order to exhaust direct appeal rights; appeal to the Superior Court will suffice. In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000).

Before AEDPA was enacted, the Supreme Court held in Rose v. Lundy, 455 U.S. 509 (1982), that federal district courts could not adjudicate "mixed petitions," that is, petitions that contained even a single unexhausted claim. However, Lundy was decided fourteen years before ADEPA was enacted, when there was no statute of limitations on the filing of federal habeas corpus petitions. "AEDPA preserved Lundy's total exhaustion requirement, but it also imposed a 1-year statute of limitations on the filing of federal petitions." Rhines v. Weber, 125 S.Ct. 1528, 1533 (2005). As a result of the interplay between the total exhaustion requirement and the one-year statute of limitations, petitioners who filed a timely but mixed petition in federal court ran the risk of forever losing their opportunity for federal review of the unexhausted claims. See id. As a result, the Supreme Court held that district courts may stay mixed petitions and hold them in abeyance in order to

4

permit a habeas corpus petitioner to return to state court to complete exhaustion of his claims. See id at 1534. A "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. However, "stay and abeyance should be available only in limited circumstances." Id. "A mixed petition should not be stayed indefinitely." Id. "[T]he district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the AEDPA." Id. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. "And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Id. A district court generally should not deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. See id. Additionally, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted

5

claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.

We are presented here with a mixed petition. Petitioner brings his habeas petition based on grounds of the Sixth Amendment right to confrontation, jurisdiction of the court of conviction, ineffective assistance of counsel, evidence should have been excluded because it was obtained pursuant to unlawful arrest, and violations of due process of law.

On appeal to the Court of Common Pleas of Dauphin County (apparently by post-sentence motion under Pa.R.Crim.P. 720(B)), petitioner raised six grounds (Rec. Doc. No. 22-3 at 69-84): 1) the court erred in denying a change of venue; 2) the court erred in not severing the cases; 3) the court lacked subject matter jurisdiction to adjudicate based on the location of the crime; 4) there was insufficient evidence to sustain the conviction; 5) the court erred in sustaining an objection during the cross-examination of witness A.Z. regarding her pregnancy; and 6) the sentence imposed was excessive. Id.

On appeal to the Superior Court of Pennsylvania, petitioner raised four of the previous six grounds: 1) the court erred in denying a change of venue; 2) the court erred in not severing the cases; 3) there was insufficient evidence to sustain the conviction; and 4) the sentence imposed was excessive. (Rec. Doc. No. 22-3 at

6

85- 99).

Petitioner filed a petition under the Post Conviction Relief Act (PCRA), raising 32 grounds for relief. (Rec. Doc. No. 22-4 at 4-7). Counsel presumably was then appointed for him. In his PCRA petition filed by counsel, petitioner raised one issue, ineffective assistance of counsel. (Rec. Doc. No. 22-4 at 15-16). The Court of Common Pleas of Dauphin County found petitioner's ineffective assistance of counsel allegations to be without merit, and found that Siluk was not entitled to post-conviction collateral relief. (Rec. Doc. No. 22-4 at 21-24). Counsel did not file a letter of merit, and counsel was permitted to withdraw from PCRA representation. (Id. at 24).

Petitioner then filed a second PCRA petition, raising numerous grounds for relief. (Rec. Doc. No. 22-4 at 25-100 and 22-5 at 1-14). The Court of Common Pleas of Dauphin County dismissed the petition for the same reasons as set forth in its prior opinion. (Rec. Doc. No. 22-5 at 15).

Petitioner filed an appeal with the Superior Court of Pennsylvania, raising 5 grounds for relief, with his ineffective assistance of counsel argument broken into 20 subparts. (Rec. Doc. No. 22-5 at 16-100 and 22-6 at 1-100). These grounds are 1) the court lacked subject matter jurisdiction to adjudicate based on the location of the crime; 2) ineffective assistance of counsel; 3) whether the trial court erred in

denying his PRCA petition; 4) denial of the right to confrontation of witness M.H.; 5) the court erred in not giving a limiting jury instruction. Because petitioner had disregarded the Pennsylvania Rules of Appellate Procedure, the Superior Court found that petitioner had waived all of his issues on appeal. (Rec. Doc. No. 22-7 at 15-21). Moreover, the Superior Court found that the lower court's opinion had thoroughly addressed all of petitioners arguments, and as a result, the Superior Court affirmed the order below.

According to respondent, petitioner has not filed an appeal to the Pennsylvania Supreme Court on the Pennsylvania Superior Court's denial of his PCRA claims. (Rec. Doc. No. 21 at n. 9). In his traverse, petitioner does not deny that he did not appeal the denial of his PCRA petition to the Pennsylvania Supreme Court, but he argues that he does not have to appeal the PCRA to the Pennsylvania Supreme Court.

Petitioner is correct. Petitioner's PCRA petition has been fully exhausted in the state courts. Pursuant to Order No. 218 of the Supreme Court of Pennsylvania, an individual convicted of a crime in Pennsylvania need not lodge a discretionary appeal to that court in order to exhaust direct appeal rights; appeal to the Superior Court will suffice. Lambert v. Blackwell, 387 F.3d 210, 233-234 (3d Cir. 2004), see also In re Exhaustion of State Remedies in Criminal and Post-Conviction

Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000). Thus, petitioner's third ground for relief on federal habeas review, ineffective assistance of counsel, has been fully exhausted.

Additionally, petitioner's direct appeal of his conviction has been fully exhausted. And because petitioner did not need to re-raise the same issues previously raised on direct appeal on collateral review, any issues fully exhausted on direct appeal are deemed to be exhausted and can be brought on federal habeas review. O'Sullivan, 526 U.S. at 844. Of the five remaining grounds on which petitioner brings his federal habeas petition, only one was fully exhausted on direct appeal in the state courts: petitioner's claim that he was denied due process of law because the trial court denied his motion to sever the cases joined for trial. Petitioner's sixth ground for habeas relief raises two issues - severance and improper jury instructions. Only the severance portion of ground 6 has been fully exhausted in the state court.

Petitioner's remaining grounds for habeas relief, grounds 1, 2, 4, 5, and the portion of ground 6 arguing improper jury instructions have not been exhausted, on direct appeal or collateral review. However, petitioner has exhausted his direct appeal process and his collateral review process. Thus, although these claims were not exhausted, petitioner would not be able to bring them in state court as he has

fully exhausted his state court appellate processes. In other words, petitioner had a fair opportunity to bring these grounds through the state court appellate process and PCRA process, and could have brought them, but they are grounds that were either brought on appeal to the Court of Common Pleas, then not brought on Superior Court appeal, or are new grounds petitioner attempts to bring for the first time on federal habeas review. We could not "stay and abey" the proceedings in this case. Stay and abeyance is intended when there is an unexhausted state procedure available to petitioner. Here, a stay and abeyance would simply send petitioner back to state court to raise grounds that he would be estopped from re-litigating in state court. Thus, because petitioner could have raised these issues all the way up the line in his direct appeal or his PCRA petition, but he did not, and his direct appeal process and PCRA process have been fully exhausted, petitioner would not be able to now raise these issues in state court. Thus petitioner is procedurally barred from bringing those grounds in federal court.

Petitioner's two remaining grounds for federal habeas relief are his ineffective assistance of counsel claim (ground 3) and his claim that he was denied due process of the law because the trial court denied his motion to sever (ground 6).

2. Timeliness

Section 2244(d)(1) and (2) provide that the one-year federal statute of limitations in a § 2254 petition is tolled during direct and collateral review of a "properly filed" application in the state courts. "Properly filed" means only that petitioner filed his state petition in accordance with the state rules for filing. Artuz v. Bennett, 531 U.S. 4 (2000). The fact that the state court dismissed the state petition on procedural default grounds (other than a filing defect) is irrelevant. Id. Because petitioner utilized both the direct review process and the collateral review process, the federal statute of limitations was tolled until his conviction became final; in this case, the date the Pennsylvania Superior Court denied his PCRA petition. This is regardless of the fact that the Pennsylvania Superior Court dismissed the state petition, in part, on procedural default grounds. The Pennsylvania Superior Court denied Siluk's PCRA petition March 6, 2007. Siluk filed his habeas petition in federal court on March 30, 2007. Thus, we deem Siluk's petition to have been filed timely.

### 3. Substantive Allegations

It "is well settled that the fact that constitutional error occurred in the proceedings that led to a state-court conviction may not alone be sufficient reason for concluding that a prisoner is entitled to the remedy of habeas." Williams v. Taylor, 529 U.S. 362, 407 (2000) (internal citations omitted). "On the other hand,

errors that undermine confidence in the fundamental fairness of the state adjudication certainly justify the issuance of a federal writ." Id.

We are first guided by the language of 28 U.S.C. §2254:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

> (1) resulted in a decision what was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States: or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

"The AEDPA placed a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Boyd v. Warden, 2009 U.S. App. LEXIS 17008, *6 (3d Cir. 2009) (per curiam) (internal citations omitted). "[A]s a threshold matter. . . we must determine whether the state courts decided his claim "on the merits."" Id. "If the state courts decided a given claim on the merits, our

standard of review is narrow: we may not grant the writ unless the state-court adjudication of that claim meets one of the conditions set forth in § 2254(d)(1) or (d)(2)." Id. "Conversely, we review de novo issues that the state court did not decide on the merits." Id. State court adjudication "on the merits" has been defined as follows:

> A matter is "adjudicated on the merits" is there is a decision finally resolving the parties' claims, with a res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground. . . § 2254(d) applies regardless of the procedures employed or the decision reached by the state court, as long as a substantive decision was reached: the adequacy of the procedures and of the decision are addressed through the lens of § 2254(d), not as a threshold matter.

Id. "If the state court shows that they misunderstood the nature of a properly exhausted claim and thus failed to adjudicate on that claim on the merits, the deferential standards of review in AEDPA do not apply." Id. "When the state courts have previously considered and rejected the federal claim on the merits," the § 2254(d) standards apply." Id.

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-413. "Under the 'unreasonable application' clause, a federal habeas

13

court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

A. Ineffective Assistance of Counsel

Petitioner argues 25 reasons why counsel was ineffective. (Rec. Doc. No. 1 at 20-61). Petitioner exhausted his ineffective assistance of counsel claim in his PCRA petition. In the PCRA petition to the Court of Common Pleas of Dauphin County, Siluk, represented by counsel, raised three reasons that counsel was ineffective: counsel failed to preserve objections, counsel failed to conduct an adequate investigation and counsel failed to object to jury instructions. (Rec. Doc. No. 22-4 at 15-16). Counsel next filed a "no merit" letter, requesting that she be allowed to withdraw as counsel on the grounds that the petitioner's PCRA petition lacks merit. (Rec. Doc. No. 22-4 at 22). The Court of Common Pleas of Dauphin County determined, based on the record, including testimony from the trial, that the ineffective assistance of counsel claims were without merit. (Rec. Doc. No. 22-4 at 21-24). Petitioner filed a brief, presumably pro se, with the court, and the Court of Common Pleas again denied PCRA relief for the same reasons set forth in its previous order. (Rec. Doc. No. 22-5 at 15-21). The Superior Court rejected the PCRA appeal for two reasons. First, because the petitioner did not follow the

14

Pennsylvania Rules of Appellate Procedure. The Superior Court goes on to say that "[h]aving reviewed the parties' briefs, the record, the applicable law, and the PCRA court's opinion, we conclude that the PCRA court's opinion thoroughly addresses Appellant's arguments." Accordingly, the Superior Court affirmed the lower court's opinion on the merits of the ineffectiveness of counsel claims.

We find that the state courts adjudicated the claims on the merits, because the Superior Court affirmed the lower court's opinion based on the substantive evaluation the lower court made of the ineffective assistance of counsel claim. "The Pennsylvania Supreme Court has made it clear that the standard for ineffective assistance of counsel under Pennsylvania law is the same as Strickland's standard." Boyd, 2009 U.S. App. LEXIS 17008 at n2. Because the Pennsylvania court's evaluation of petitioner's claim was adjudicated on the merits and was not a decision that was contrary to, or an unreasonable application of clearly established Federal law, we can not grant the habeas petition on these grounds.

B. Due Process of the Law

In his habeas petition, Siluk argues that he was denied due process of the law because the trial court denied his motion to sever the cases. (Rec. Doc. No. 1 at

15

48). Siluk argues that these were not signature crimes; the only reason they were tried together was to show bad character and propensity to commit a criminal act. (Id.) Siluk exhausted this claim on direct appeal.

On direct appeal, the Court of Common Pleas of Dauphin County found that based on the Pennsylvania Rules of Criminal Procedure and Evidence, the trial court had the discretion to join the cases, and it was proper to join the cases. (Rec. Doc. No. 22-3 at 77-80). The Pennsylvania Superior Court found that the trial court did not abuse its discretion and there was no prejudice or clear injustice to the defendant by the consolidation of the cases for trial. (Rec. Doc. No. 22-3 at 93-95). Each of the offenses would have been admissible in separate trials to show identity, intent, common plan or scheme and/or absence of mistake. (Id.)

The state court has adjudicated the claim on its merits. Petitioner is attempting to re-litigate the same claim on the merits of the interpretation of the Pennsylvania Rules of Criminal Procedure, wrapped in the cloak of federal law, by titling the claim as a due process claim. Petitioner does not make any argument whatsoever as to the basis for his habeas petition on this ground. His petition refers to the facts he laid out on a previous ground, then states only "[w]here the prejudicial effect of the cases at 4194-4199CR2001, being tried together, where the crimes are not signature crimes, and the testimony from other cases only showed

16

Petitioner's bad character and propensity to commit criminal acts resulting in Petitioner's trial as a whole being so fundamentally unfair as to be inconsistence [sic] with due process of law."  Not only does petitioner not make an argument as to how he was denied due process by the consolidation of the trials, he does not state the basis for his habeas writ - i.e. he does not state whether the state decision was "contrary to" or an "unreasonable" application of federal law or an "unreasonable determination" of the facts.  What petitioner expects the federal court to do is to tell the Pennsylvania Superior Court that its application of Pennsylvania Rules of Criminal Procedure and Evidence was incorrect.  A federal court simply cannot do this.  Petitioner has added a due process title to his formerly unsuccessful claim that the trials should have been severed, without making any sort of due process argument whatsoever.  As a result, we will deny the petition, on these grounds.

**CONCLUSION:**

For all of the foregoing reasons, we will deny Siluk's petition for habeas corpus.

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MICHAEL E. SILUK, JR., | : | |
|---|---|---|
| | : | Civil Action No. 4:07-CV-00605 |
| Petitioner, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| FRANKLIN J. TENNIS, | : | |
| | : | |
| Respondent. | : | |

## ORDER

August 24, 2009

For the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT**

1. The clerk is directed to correct the docket. The sole respondent is Franklin J. Tennis, represented by Deputy District Attorney Jennifer W. Gettle.

2. The petition for Writ of Habeas Corpus is DENIED. (Rec. Doc. No. 1).

3. The clerk is directed to close the case file.

4. There is no basis for the issuance of a certificate of appealability.

s/James F. McClure, Jr.<br>
James F. McClure, Jr.<br>
United States District Judge